United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41733
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON STEVEN SPRAGUE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:02-CR-62-2
---------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Jason Steven Sprague appeals appeal his sentence of 405 months of imprisonment following his guilty plea to one count of racketeering activity under the Racketeer Influenced Corrupt Organizations Act (RICO), one count of interstate travel in aid of racketeering (ITAR), and one count of conspiring to transport illegal aliens. The district court determined Sprague's base offense level by using the offense level for second degree murder. The district court also increased Sprague's offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level for the special circumstances of vulnerable victims, use of special skill, and restraint of victims. <u>United States v. Dock</u>, 293 F. Supp. 2d 704 (E.D. Tex. 2003).

Sprague attacks the district court's determination of his base offense level and each enhancement. Sprague has not shown that the district court erred in determining his base offense level. <u>United States v. Posada-Rios</u>, 158 F.3d 832, 855-56, 880-81 (5th Cir. 1998). Sprague has not shown that the district court clearly erred in finding that Sprague's victims were vulnerable. Sprague has not shown that the district court was clearly erroneous in finding that he used a special skill to commit the offense. <u>United States v. Deville</u>, 278 F.3d 500, 508 (5th Cir. 2002). Sprague has not shown that the district court clearly erred in finding that Sprague restrained his victims. <u>United States v. Huerta</u>, 182 F.3d 361, 364 (5th Cir. 1999).

Sprague argues that his sentence was unconstitutional under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). While Sprague's appeal was pending, <u>United States v. Booker</u>, 125 S. Ct. 738, 755-56 (2005), held <u>Blakely</u> applicable to the federal sentencing guidelines. Sprague filed a supplemental letter brief arguing the applicability of <u>Booker</u> to his sentence. Because the <u>Blakely/Booker</u> issue was not raised in the district court, review is for plain error only. <u>United States v. Mares</u>, 402 F.3d 511, 520-21 (5th Cir. 2005), <u>petition for cert. filed</u>, No. 04-9517 (U.S. Mar. 31, 2005).

To show that the error affected substantial rights, Sprague must show that the error "affected the outcome of the district court proceedings," i.e., "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." Mares, 402 F.3d at 520-21. (internal quotation marks and citation omitted). In this case, the district court stated the reasons for imposing the enhancements in a published opinion. See Dock, 293 F. Supp. 2d at 706-15. Sprague does not suggest and the record gives no indication that the court would have reached a significantly different result had it been aware that the guidelines were discretionary. Mares, 402 F.3d at 521. Sprague has not carried his burden of proving that his substantial rights were affected and, therefore, cannot show plain error.

AFFIRMED.